THE TEXAS COMPANY (P.R.) INC., Petitioner and Appellant, *v.* RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 7603.· Argued November 10, 1937.—Decided February 11, 1938.

*James R. Beverley, R. Castro Fernández* and *José López Baralt* for appellant. *B. Fernández García, Attorney General,* and *Emilio de Aldrey, Assistant Attorney General,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is a case of a petition for an injunction which was denied by the lower court.

In substance, the plaintiff corporation alleged that it was an insured employer from July 15, 1925, when in accordance with the Workmen's Compensation Act as amended by Act No. 61 of 1921 (Laws, p. 476) it filed its corresponding statement with the Workmen's Relief Commission and the Treasurer of Puerto Rico assessed and collected a premium (*contribución*) covering the period up to July 15, 1926;

That on February 12, 1926, its workmen Rodulfo Suárez, Isidro Villoch and Isidro Pérez died as a consequence of an accident in the course of employment which was investigated by the Commission. On April 24, 1928, the Commission decided that the employer was not insured despite the fact that its records showed the contrary, granted compensation in the amount of $2,000 to the dependents of each of the deceased and ordered the administrative clerk to prepare the corresponding liquidations and send them to the Attorney General for collection by him in accordance with Section 7 of Act No. 102 of 1925 then in force (Laws of 1925, p. 904);

That on June 2, 1928, the plaintiff filed, in the same district court, three classical certiorari proceedings which were denied for lack of jurisdiction by judgments of July 23, 1928, ordering the return of the records to the Commission for further proceedings according to law, which judgments were affirmed by this Supreme Court. 40 P.R.R. 456;

That from April 24, 1928, to September 14, 1936, neither the commission, nor its successor the Industrial Commission, nor the Attorney General took any steps toward the collection of the compensation awarded;

That on September 14, 1936, the Industrial Commission issued an order (*resolución*) in the case of the deceased workman Rodulfo Suárez requesting the defendant treasurer to levy attachment on property of the plaintiff for the collection of the compensation and the treasurer, after demanding payment of the plaintiff on October 27, 1936, attached one of its truck-tanks, the use of which is indispensable to the plaintiff's business of selling and delivering gasoline, and notified it that if the compensation plus one dollar costs were not paid by November 6, 1936, the attached property would be sold at public auction, all of which would cause the plaintiff considerable damages and irreparable injury, the Industrial Commission and the treasurer having the intention of following a similar procedure for the collection of the other awards; and

That the request of the Industrial Commission to the treasurer as well as the acts of the latter are illegal and abusive for the following reasons:

"(a) Because the orders of the Workmen's Relief Commission of April 24, 1928, adjudging the petitioner to be an uninsured employer, are illegal and void inasmuch as it appears from them as well as from the records before said Commission that the petitioner was an employer duly insured on the date of the accident. . . .

"(b) Because even supposing, for the sake of argument only, that such orders were legally valid, the procedure to be followed for the collection of compensation awarded for an accident to a

workman employed by an uninsured employer is, according to the orders themselves and to Section 7 of Act No. 102 of 1925 (p. 942) to notify the decision to the Attorney General of Puerto Rico 'for institution of proper action, in a court of competent jurisdiction, against said employer to recover the aforesaid sum' a procedure which has to be followed by the present Industrial Commission and the Attorney General of Puerto Rico pursuant to the clear and definite provisions of the existing Workmen's Compensation Act No. 45 approved on April 18, 1935 ((1) p. 250), Section 34, . . .

"(c) Because Section 36 of Act 85 of 1928 (p. 630), upon which the treasurer defendant attempts to justify himself, is only applicable to employment accidents suffered after its approval and while such statute was in force which. statute was expressly repealed by Act No. 45 of 1935 . . . .

"(d) Because according to Section 13 of Act 102 of 1925 (p. 942), which was the law in force at the time the accident referred to happened, should the petitioner have given false information in the statement filed by it on July 15, 1925, which we strongly deny, the only remedy open to the commission would have been a criminal prosecution and a civil suit to recover from the employer three times the difference between the premium paid and the amount which should have been paid.

"(e) Because the orders of the Workmen's Relief Commission of April 24, 1928, are in the nature of final judgments and according to the Code of Civil Procedure of Puerto Rico no judgment can be executed after five years from the time it becomes final, which term has more than expired in these three cases and the commission and its successor have incurred in laches in the proceeding for the collection of the compensation awarded by these orders."

In conclusion, the plaintiff. alleged that in the absence of an adequate remedy at law, inasmuch as the action of the treasurer was not one for the collection of the tax and hence could not be paid under protest, the writ of injunction was the proper relief and therefore prayed its issuance by the court.

The case having proceeded according to law, it was finally submitted to the consideration and decision of the court upon the following stipulation:

"(*a*) Defendant accepts the essential facts of the petition except those conclusions of fact and law that may be found therein.

"(*b*) The facts of the petition thus accepted, the parties submit the present case to the court on the following propositions of law, the decision of which is understood will settle the litigation:

"1. The defendant maintains that inasmuch as .the Supreme Court of Puerto Riro has decided certioraries Nos. 6986, 6987, and 6988 to which reference is made in paragraph 7 of the petition, against the petitioner, the injunction applied for can not now be. granted.

"2. . . . . That as the petitioner made no use of the remedy provided for in Section 9 of Act No. 102 of 1925, to review the orders of the Workmen's Relief Commission, the writ of injunction. should not now issue.

"3. . . . that the orders of the Workmen's Relief Commission of. April 24, 1928, set out in the petition do not partake of the nature of judgments . . .

"4. . . . that the proper legal procedure for the collection of compensation awarded by the Workmen's Relief Commission is that established by Section 25 of Act No. 85 of 1928, and not, as the petitioner maintains, that which is set forth in Section 7 of Act No. 102 of 1925.

"(*c*) At the same time the petitioner upholds the contrary of all the propositions maintained by the defendant as already stated."

By judgment of July 22, 1937, the court dismissed the complaint. The last paragraph of the opinion supporting the judgment reads:

"In any event, we do not believe that the injunction is the proper remedy to prevent the collection of the agreed amounts, inasmuch as this would be equivalent to preventing public officers from enforcing a public statute for the benefit of the public. Whether or not the action has prescribed, is not a question which can be decided within this special proceeding . . ."

Plaintiff filed a motion for reconsideration which the court dismissed. Then the plaintiff appealed to this Court.

Two errors are assigned in its brief. Under the first of them it is maintained that the court erred in dismissing the complaint, and by the second that the court erred in basing

its judgment on the ground set forth in the paragraph from the opinion which we have just transcribed.

 Since the appellant repeatedly insists in its brief that the appellee admitted both its condition of insured employer and the illegality of the order of the commission, the execution of which is now sought to be suspended and eventually set aside by the injunction, it is well to make it clear that the existence of such a state of facts is denied by the appellee in its brief when it says:

". . . In our case the appellant has never proved that it does not owe the amount sought to be recovered from it, but on the contrary, there exists a formal order of the Workmen's Relief Commission decreeing that this employer, because of its uninsured condition, should pay the compensation awarded to its injured workmen.

"The appellant also alleges that inasmuch as in the stipulation of facts filed in the lower court the essential facts of the petition were admitted, it should therefore be understood that the defendant admitted that the orders issued by the Workmen's Relief Commission on April 24, 1928, were against the express letter of the law and consequently null and void. Subdivision (a) of said stipulation reads as follows:

" 'The defendant accepts the essential facts of the petition except those conclusions of fact and law that may be found therein.'

"Undoubtedly what the defendant is admitting in the stipulation mentioned is nothing but the facts which happened and which gave rise to the whole proceeding from its beginning. Whether or not the order of the Workmen's Relief Commission was valid, is not a question of fact but one exclusively of law.

"As may be clearly determined from the contents of the stipulation referred to, no other conclusion can be reached but that the parties intended to discuss and submit to the lower court only questions of law to be confined to the following:" (Those appearing in the stipulation are repeated.)

Although the first paragraph of the stipulation is not as clear and concise as it might be, it is in our opinion subject to the interpretation given to it by the appellee, an interpretation which would justify appellee's position before the district court and this Supreme Court.

Having cleared up this point, we find an order entered by the Workmen's Relief Commission on April 24, 1928, granting compensation to the dependents of the deceased workman, and making the plaintiff responsible for its payment on the ground, as decreed by the commission, that the employer was uninsured.

What did the plaintiff do when notified of this? It requested the District Court of San Juan, by certiorari to annul the decision. That court denied the writ as not being the proper remedy and the plaintiff appealed to this Court which, by opinion of Mr. Justice Wolf, decided as follows:

"This is an appeal from the judgment of the District Court of San Juan, annulling a writ of certiorari. The petitioner there complained of the action of the Workmen's Relief Commission in treating petitioner, The Texas Company, as if it were an uninsured employer whereas petitioner alleged that the records of the Workmen's Relief Commission failed to show it was such an uninsured employer and on the contrary showed that the said Texas Company was in fact insured. The Commission awarded compensation to a working man. The petitioner appellant did not complain in the court below nor in this court of the award made by the Commission, but its recourse to the courts was based exclusively on its contention that it was an insured employer. The result of treating petitioner as an insured employer would subject it under section 20 of the Workmen's Accident Compensation Act, Laws of 1925 p. 942, to a special procedure at the instance of the Attorney General and perhaps to additional expenses. The petition alleged that the action of the Workmen's Relief Commission was entirely null and void and that the said commission was entirely without jurisdiction to make the said award. Relief was prayed under section 28 of the said Act as amended or under the general law of certiorari.

". . . . . . . . .

"Appellant does not contend at all that it has a remedy by certiorari under any act affecting workmen's relief. Its claim arises by a process of exclusion. Assuming no special writ of certiorari under the Workmen's Accident Compensation Act, petitioner says it could not appeal because it was not attacking the award; that the Workmen's Relief Commission is a quasi-judicial body whose decisions should be reviewable by certiorari when no appeal lies.

"Section 1 of the statute governing the general right of certiorari is as follows: (copy)

"It is evident, as held by the court below, that this writ applies only to review the actions of courts.

"The appellant invokes the inherent powers of courts, but where the legislature has expressed itself as under the general certiorari act, we find thereunder no justification for the review of actions of boards created by the said legislature.

" . . . . . . . .

"Furthermore the appellant does not convince us that an appeal to review the decision complained of did not lie under section 9 of the Act of 1925, laws of that year, p. 930. It provides:

" 'Section 9.—Appeals from the decisions of the Workmen's Relief Commission to any district court shall be allowed to the claimant, his beneficiaries or heirs in all cases of permanent partial disability, permanent total disability or death. Likewise the employer may appeal from any decision of the commission when such decision is to the effect that the accident is one for which compensation is granted under this Act.'

"A general appeal, it would seem, could raise the incidental question.

"In any event if the board was without jurisdiction then the petitioner ought to have had other means of protecting itself that we need not suggest.

"We find nothing in the laws of Porto Rico to authorize the certiorari solicited and the judgment will be affirmed." (*Texas Co.* v. *Workmen's Relief Commission,* 40 P.R.R. 456.)

No other proceeding was exercised by the plaintiff and the order stood, without it requiring any effort to conclude that after all these years the plaintiff is not now in a position to accomplish by an injunction what it failed to accomplish at the proper time through the channels which the law placed within its reach.

Plaintiff insists that according to the law now in force the most that could be done would be to refer the matter to the Attorney General for the institution of the proper action in which the appellant would have a right to

allege and prove that it was not responsible for the payment of the compensation inasmuch as it is an insured employer. In support of this, it invokes Section 34 of Act No. 45 of April 18, 1935 ((1) p. 250) on the subject matter, which provides:

"Section 34.—The provisions of this Act shall in no way affect pending litigations or claims relative to workmen's compensation under previous laws. The procedure followed in such litigations or claims, until their termination, shall be in accordance with the laws in force on the date of the accident, and the workmen shall be entitled to such sum of money as may be prescribed by said laws."

At first sight the contention of the appellant is not lacking in force but if one concentrates on what is provided in the last part of the Section, to wit, "and the workmen shall be entitled to such sum of money as may be prescribed by said laws," it will be seen that the purpose of the law was none other, as the appellee maintains, than to preserve the rights of workmen with respect to compensation, and not to oppose the well-established rule that procedural laws are immediately applicable.

"It is a principle of Spanish law recognized by the jurisprudence of the highest courts of the Union," said this Court in *American Railroad Co. of P. R.* v. *Hernández,* 8 P.R.R. 492, 496, "that laws governing jurisdiction and procedure are matters of public interest and have a retroactive effect, that is to say, they are not considered as of a retroactive character, in such a sense that they are included in the provisions of Section 3 of the Civil Code."

As it is stated in 59 Corpus Juris 1173, in summing up the authorities, "...The general rule that statutes will be construed to be prospective only and not retrospective or retroactive ordinarily does not apply to statutes affecting remedy or procedure, or as is otherwise stated, such general rule is subject to an exception in the case of a statute relating to remedies or procedure."

Furthermore, the statute refers to "pending litigations or claims" and prescribes that "the procedure followed in such litigations or claims, until their termination shall be in accordance..." and this case came to its termination by the order of April 24, 1928, which now, is only sought to be executed.

The fact that Act No. 45 of 1935 ((1) p. 250) is the one applicable to all cases and not Act No. 85 of 1928 (p. 630), is unimportant because according to both of them the Treasurer can proceed to collect the compensation as if it were an ordinary tax.

■ Likewise we cannot agree with the plaintiff when it maintains that since the decision of the commission of April 24, 1928, is equivalent to a judgment for the payment of money and as more than five years have elapsed since it became final no execution can be had according to Section 243 of the Code of Civil Procedure which provides:

"In all cases other than for the recovery of money, the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court upon motion, or by judgment for that purpose, founded upon supplemental proceedings."

This statutory provision was enacted for application to judgment rendered by courts of law and not by a commission although it may be admitted that such a commission is a quasi-judicial body, and anyway this is not strictly a suit for the recovery of money.

Having arrived at the above conclusions, it becomes unnecessary to study and decide the second assignment of error. The appeal must be denied and the judgment and order appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.